CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 03, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **Na'JOHN DeANDRE TARIQ WILLIAMS**, ) | |
| ) | |
| Plaintiff, ) | Case No. 7:24CV00153 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **ALBEMARLE-CHARLOTTESVILLE** ) | JUDGE JAMES P. JONES |
| **REGIONAL JAIL, ET AL.**, ) | |
| ) | |
| Defendants. ) | |
| ) | |

*Na'John DeAndre Tariq Williams, Pro Se Plaintiff.*

The plaintiff, a Virginia incarcerated person proceeding without an attorney, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that jail officials have denied him the right to attend education classes or to serve as a trusty. Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim.

Williams is incarcerated at the Albemarle-Charlottesville Regional Jail (Jail). His allegations (quoted verbatim) are sparse:

> Major Carver denied my right to an GED education, due to my prior released actions and individual personality.

> Also I got approved for trusty and Major Carver shut me down due to my prior released and I get treated this way 'cause I'm homosexual. And they been treating unfair.

Compl. 2, ECF No. 1.  Williams names as defendants the Jail, Major Carver, and Colonel Kumer, seeking as relief "compensation and place into trusty."  *Id.*

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights.  *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).  The court is required to dismiss any action filed by a prisoner against a governmental entity or officer if the court determines that the action or claim is frivolous, malicious, or fails to state a claim on which relief could be granted.  28 U.S.C. § 1915A(b)(1).  A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Williams cannot prevail in a § 1983 claim against the Jail.  A local jail facility itself cannot qualify as a person subject to being sued under § 1983.  *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992).

Williams also states no actionable claim against defendant Kumer.  In a § 1983 case, "(l)iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff[']s rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks and citation omitted).  While Williams names Colonel Kumer as a defendant, he mentions this defendant only in the heading of the Complaint and does not describe

any action or inaction by this defendant that caused a violation of his constitutional rights.

Most importantly in this case, no one has violated Williams' constitutional rights simply by not permitting him to take GED classes or to have a job as a trusty. "Prisoners have no constitutional right to any particular prison job or placement in educational programs." *Slonaker v. Jividin*, No. 2:21-00036, 2022 WL 509612, at *4 (S.D.W. Va. Jan. 19, 2022), *R. & R. adopted,* 2022 WL 509335 (S.D.W. Va. Feb. 18, 2022). Williams suggests that he has been treated unfairly by some person or persons at the Jail because he is a homosexual. He states no facts about past events on which he bases this assertion, however. Merely speculative or conclusory assertions of discrimination are not sufficient to state a plausible claim of constitutional proportions. *Chapman v. Reynolds*, 378 F. Supp. 1137 (W.D. Va. 1974) (finding conclusory allegations of race discrimination fail to state § 1983 claim).

For the reasons stated, I will summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim.

A separate Final Order will be entered herewith.

                        DATED:  May 3, 2024

                        /s/  JAMES P. JONES  
                        Senior United States District Judge